RANSFORD W. KELLOGG *vs.* WALTER LOOMIS & others.

A deed not acknowledged or recorded is no evidence of seisin or possession in the grantee, except against the grantor and his heirs.

ACTION OF TORT for breaking and entering the plaintiff's close in Southwick, described as situated on the North Sodom

Mountain, and being lots No. 29 and 30, originally set out to James Smith and John Campbell. Trial in the superior court before *Rockwell,* J., to whose rulings and instructions the defendants alleged exceptions, the substance of which is stated in the opinion.

*H. Morris & N. T. Leonard,* for the defendants.

*F. Chamberlin,* for the plaintiff.

BIGELOW, C. J. The deed from Samuel Campbell to Walter Rising of lot No. 30, not having been acknowledged or recorded, was not evidence of seisin or possession as against the defendants, and was inadmissible to enable the plaintiff to maintain his action for trespass on that lot. This precise point was decided in *Estes* v. *Cook,* 22 Pick. 295. We do not understand the statement, in the bill of exceptions, that this deed was admitted " to disprove outstanding title in the grantor or his heirs." No such issue was open in the case. The defendants made no claim of title under Samuel Campbell or his grantee. The effect of putting the deed in evidence was to prove title in the plaintiff to lot No. 30, because he claimed by a grant directly from the heirs of Walter Rising, to whom the deed of Samuel Campbell purported to convey a portion of the land in controversy. By disproving title therefore in the grantor, the plaintiff was in fact allowed to prove a grant in the line of his own title by a deed which was clearly incompetent. Such being the case, the introduction and admission of the deed in evidence operated as an evasion of the rule of law that a deed not acknowledged or recorded is invalid as against all persons but the grantor and his heirs.

It was suggested that if this deed was erroneously admitted, the mistake was corrected by the instructions given by the court to the jury. But it seems to us not only that the jury might have been misled by having a deed before them which tended to trace title to a part of the *locus* into the plaintiff, but that the instructions, so far from obviating this difficulty, were calculated to enhance it, and left the jury to find title to lot No. 30 in the plaintiff, under and by virtue of this invalid deed. The case was presented by the court to the jury in two aspects,

and they were authorized to find a verdict for the plaintiff either upon his paper title or upon proof of an earlier possessory right. It is impossible for us now to know on which ground the verdict was based. If it was founded on the title of the plaintiff by grant, the jury must have given effect to the deed from Campbell to Rising, because there was no other evidence of title in him by deed to lot No. 30, except under that con veyance. The deed from Oliver Smith, under which the plain-tiff also claimed, conveyed only lot No. 29. Upon this point the court seems to have been under a misapprehension, and by its instructions to have proceeded on the ground that the deed from Oliver Smith comprehended lots No. 29 and 30. If the verdict for the plaintiff was rendered on the ground that the deed from Oliver Smith conveyed, as the court seems to have supposed, a title to lot No. 30, it was founded on a mistake ; if it was based on the deed from Campbell to Rising as conveying a title to that lot, it was rendered on incompetent evidence ; and in either case it was clearly erroneous.

*Exceptions sustained*